# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF LEILA L. HALE, BAR NO. 7368.

No. 77801

**FILED**

SEP 12 2019


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER REJECTING RECOMMENDATION AND REMANDING

This is an appeal from a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation to dismiss all counts charged against attorney Leila L. Hale in a disciplinary complaint and to direct the State Bar to issue Hale a letter of caution.[1]

After receiving two client grievances, the State Bar filed a disciplinary complaint alleging Hale violated RPC 1.5 (fees) by charging an unreasonable flat rate of $1,000 per hour in the event of her withdrawal or a client terminating her representation in matters for which payment of fees was otherwise contingent on recovery, and RPC 5.3 (responsibilities regarding nonlawyer assistants) by using paralegals to perform the work of attorneys and serve as the sole contact for her clients.[2] Following a hearing, the panel found that the State Bar proved by clear and convincing evidence

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]The complaint also alleged violations of RPC 1.4 (communication) RPC 1.8 (conflict of interest: current clients), and RPC 7.3 (communication with prospective clients), but the State Bar does not challenge on appeal the panel's recommendation to dismiss those counts.

19-38223

that Hale violated RPC 1.5, but it did not prove that Hale violated RPC 5.3. The panel found two aggravating circumstances: prior disciplinary offenses and substantial experience in the practice of law; and five mitigating circumstances: timely good faith effort to pay restitution, full and free disclosure to disciplinary authority, character or reputation, delay in disciplinary proceeding, and interim rehabilitation. The panel made no findings about Hale's mental state or injury to clients or the profession. It recommended dismissing all counts and directing the State Bar to issue a letter of caution to Hale with regard to charging unreasonable fees.

On appeal, the State Bar argues that uncontested evidence shows that Hale violated RPC 5.3 by directing her paralegal to conduct initial client interviews, evaluate client claims, explain legal forms, advise clients about legal issues, and negotiate liens with insurance providers, and by using non-lawyers as clients' sole contact with her law firm. Hale argues that although her "certified paralegal sometimes would do 'home visits,'" he did not routinely conduct initial consultations, and instead "was merely getting intake information" that "would be no different than an individual that comes in to see a lawyer and is asked to fill out an intake questionnaire regarding their name, address, phone number, etc., and thereafter is asked background questions." Hale asserts that her paralegal did not exercise legal judgment on the clients' behalf and at most engaged in conduct that was limited and incidental to her representation.

Having reviewed the record and the briefs, we conclude that there is clear and convincing evidence that Hale violated RPC 5.3 by directing paralegals to perform the work of attorneys, and we therefore reject the panel's conclusion and recommendation with regard to that rule violation. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709,

SUPREME COURT
OF
NEVADA

(O) 1947A

715 (1995) (recognizing that ethical rule violations must be proven by clear and convincing evidence). The record shows that Hale's paralegal conducted "home visits" on his own with certain potential personal injury clients as a matter of firm policy. During those visits, the paralegal presented a packet of forms for the client to sign, including a HIPPA release, general authorization, Medicare, Medicaid, and SCHIP Extension Act reporting forms, a power of attorney allowing the firm to act on the client's behalf, and a retainer agreement allowing the firm to keep part of any recovery or bill a flat rate of $1,000 per hour (for both staff and attorneys) for early termination of representation. When asked whether the paralegal explains the forms and agreements, Hale said, "Yes. It's my understanding that he reads through the documents with the client." The paralegal testified that he advised clients that signing the forms would allow him to obtain medical and accident reports, advised a client that it would be best to have one attorney handle both of her car accident claims, explained to her that another attorney might file a lien on her first claim, and provided her an explanation of property damage. That client testified that she did not receive any correspondence from Hale after signing the forms and she fired the firm a week later. Hale acknowledged that clients waive privacy rights by signing HIPPA forms and when asked if clients transfer any rights by signing a power of attorney, Hale said, "upon me signing the -- retainer." Nevertheless, although Hale did not sign the retainer agreements and never met with the clients to explain the scope of her representation or to explain the agreements or other forms and waivers they signed at the home visits, her paralegal sent lien notices to the clients' insurers on the firm's behalf based on the retainer agreements, billing $1,000 per hour for the in-home client meetings, setting up the claims, and initial work on the cases.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

As this evidence establishes a violation of RPC 5.3, we reject the panel's conclusion to the contrary as well as its recommendation to dismiss the charge. *See In re Discipline of Lerner*, 124 Nev. 1232, 1234, 1241, 197 P.3d 1067, 1070, 1074 (2008) (reprimanding an attorney for assisting in the unauthorized practice of law where, consistent with the law firm's policy, the attorney's unlicensed employee conducted initial client consultations, decided whether to accept representation, negotiated claims, and served as clients' sole contact with firm, as those activities involved the "exercise of legal judgment on a client's behalf"); *see also* SCR 105(3)(b) (observing that on automatic review of public discipline, this court gives deference to the panel's factual findings and reviews de novo its conclusions of law and recommended discipline); *LK Operating, LLC v. Collection Group, LLC*, 331 P.3d 1147, 1157 (Wash. 2014) (stating, in a legal malpractice action, that "[w]hether a given set of facts establish an RPC violation is a question of law subject to de novo review"). Because the disciplinary panel considered the RPC 1.5 and RPC 5.3 violations alleged in the complaint together, and it did not make any findings with regard to Hale's mental state, whether the violations caused injury or potential injury to clients or the profession, and how the aggravating and mitigating circumstances weigh on the RPC 5.3 violation, we decline to determine the appropriate discipline in the first instance.[3] *See Lerner*, 124 Nev. at 1246, 197 P.3d at 1077 (listing four

---

[3]The State Bar argues that the panel gave undue weight to an unsubstantiated mitigating factor—delay in disciplinary proceedings—and insufficient weight to an aggravating factor—Hale's 2016 discipline for similar misconduct. We agree that delay in disciplinary proceedings is unsubstantiated and thus it should not be considered a mitigating circumstance on remand. As to the other mitigating and aggravating

 

factors used to determine attorney discipline). Accordingly, we remand this matter for further proceedings before the Southern Nevada Disciplinary Board.[4]

It is so ORDERED.[5]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, S.J.
Douglas

cc:    Chair, Southern Nevada Disciplinary Board
       Bar Counsel, State Bar of Nevada
       William B. Terry, Chartered

---

circumstances, those should be weighed based on our conclusion that the evidence establishes an RPC 5.3 violation.

[4]To the extent that Hale questions the finding that she charged an unreasonable fee, we conclude that substantial evidence supports that finding, and based on that finding, we agree with the panel's conclusion that Hale violated RPC 1.5. *See Attorney Grievance Comm'n of Md. v. Korotki*, 569 A.2d 1224, 1234 (Md. Ct. App. 1990) (indicating that whether a legal fee violates a disciplinary rule is a question of law).

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.